```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ESTHER OKEKE,

       Plaintiff,

v.                                    Case No: 2:14-cv-531-FtM-29CM

ALLIED BARTON SECURITY SERVICES,

       Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #3) filed on September 8, 2014. No response has been filed and the time to respond has expired. For the reasons stated below, the Court will grant the motion with leave to amend the Complaint.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above

the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

The untitled *pro se* Complaint (Doc. #2) was removed from the Lee County Twentieth Judicial Circuit based on the plaintiff's

2

statement that she believes she was discriminated against in violation of Title VII of the Civil Rights Act of 1964.  (Doc. #1.)  The one-page Complaint alleges as follows:

> Based on the investigation dismissed notice that I receive, I do believe that I have a case against Allied Barton Security Services that I have been discriminated again[st] and will like to have my voice heard in court, which I have all my evidence that I will present to the court when the time comes.  I believe that I have been discriminated against in violation of Title VII of the civil Rights Act of 1964.

(Doc. #2.)  As plaintiff is proceeding *pro se* or unrepresented, the Court will take this opportunity to provide some guidance on filing an Amended Complaint in compliance with Federal Rules of Civil Procedure 8 and 10.  Plaintiff must caption the Amended Complaint with the names of the parties and the title of the document, i.e. "Amended Complaint".  Fed. R. Civ. P. 10(a).  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated by defendant in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff must also provide a "short and plain statement" of:  (1) the grounds for the court's jurisdiction, (2) the claim showing that plaintiff is entitled to relief, and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).

To the extent that plaintiff is attempting to assert some form of employment discrimination, plaintiff must allege that she

3

is a member of a protected class, the basis or type of the discrimination, and also allege that she has complied with conditions precedent for filing suit, including the receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).  See, e.g., Gruenthal v. Carlson Restaurants Worldwide, Inc., 2:10-cv-421-FTM-29SPC, 2010 WL 5317337, *3 (M.D. Fla. Dec. 21, 2010).  Further, in the body of the Amended Complaint, plaintiff should clearly describe and provide support in the statement of facts for any claimed violations.  More than conclusory and vague allegations are required to state a cause of action, and simply asserting that evidence is available and will be provided is insufficient.  For additional resources, plaintiff should consider the Proceeding Without A Lawyer resources provided on the Court's website on how to file a Complaint. http://www.flmd.uscourts.gov/pro_se/default.htm.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #3) is **GRANTED** and the untitled Complaint is **dismissed without prejudice** to filing an

4

Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of November, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

5