UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTHER OKEKE,

    Plaintiff,

v.                                      Case No:   2:14-cv-531-FtM-29CM

ALLIED BARTON SECURITY
SERVICES,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff *pro se* Esther Okeke's third Motion for Leave to Amend Complaint (Doc. 28), filed on March 6, 2015.  Defendant filed a response in opposition.  Doc. 29.  Plaintiff states that she seeks leave to amend her complaint because the "the evidence offered under it are necessary to a complete determination of the issues in this action and the rights of the parties."  Doc. 28.  For the reasons set forth below, it is recommended that the motion be denied and that this case be dismissed with prejudice.

I.      **Procedural History**

On July 31, 2014, Plaintiff filed a complaint in the Twentieth Judicial Circuit in and for Lee County, Florida alleging that she had been discriminated against by

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

Defendant in violation of Title VII of the Civil Rights Act of 1964.  Doc. 2.  Defendant removed the case to this Court on September 8, 2014.  Doc. 1.  Simultaneous with the removal, Defendant filed a motion to dismiss for failure to state a claim.  Doc. 3.  Plaintiff failed to respond.  Doc. 21.  The district court granted Defendant's motion to dismiss but provided Plaintiff with leave to amend the complaint.  *Id.*

Plaintiff filed a motion for leave to amend her complaint on December 8, 2014.  Doc. 22.  The undersigned denied Plaintiff's motion without prejudice because Plaintiff failed to attach a copy of the proposed amended complaint as required by Local Rule 4.01.  Doc. 23.  In this Order, the Court provided Plaintiff with direction on filing an amended complaint, as she was proceeding *pro se.*  *Id.*  The district court, in its Order on Defendant's motion to dismiss, also encouraged Plaintiff to consider the resources on the Court's website on Proceeding Without a Lawyer.[2]  Doc. 21 at 3-4.  The district court provided Plaintiff with guidance on filing an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 10.  *Id.*  This Court noted that any future amendments should comply with the court's directives or it could be subject to dismissal without further notice.  Doc. 23 at 1-2.  Plaintiff was given another opportunity to file her amended complaint in compliance with the Order.  *Id.*

On February 2, 2015, Plaintiff filed a second motion for leave to amend complaint, but failed to attach the proposed amended complaint as required.  Doc.

---

[2] http://www.flmd.uscourts.gov/pro_se/default.htm.

26. Thus, the motion could have been denied on this basis alone. The Court, however, evaluated the information in the motion as though it was the proposed amended complaint. Doc. 27. The Court found that the information provided would be subject to dismissal, because it did not comply with Federal Rules of Civil Procedure 8 and 10, nor the district court's Order (Doc. 21). Doc. 27 at 2. The Court allowed Plaintiff one final opportunity to amend her complaint before recommending dismissal. *Id.* at 3.

## II. Discussion

Plaintiff filed her third and most recent motion on March 6, 2015. Doc. 28. Although, Plaintiff is proceeding *pro se*, and the Court construes her pleadings liberally, she must still comply with the procedural rules, particularly when previously she has been cautioned. *Hope v. Bureau of Prisons*, 476 F. App'x 702, 704-05 (11th Cir. 2012). *Pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam). Accordingly, *pro se* litigants are still expected to satisfy certain pleading criteria. *See Zabriskie v. City of Orlando*, No. 6:10-cv-1090-Orl-22DAB, 2010 WL 3259394, at *1 (M.D. Fla. July 27, 2010).

Similar to Plaintiff's second motion for leave to amend, in the present motion, Plaintiff states that the proposed amended complaint is attached. Doc. 28 at 2. Once again, however, the amended complaint was not attached, as required by Local Rule 4.01. The Court also notes that the motion does not include a certificate

pursuant to Local Rule 3.01(g) that she conferred with Defendant prior to filing the motion.  Doc. 28.  Despite being warned of the consequences, Plaintiff's motion again does not comply with the Local Rules and is therefore subject to dismissal.  To the extent the information in the motion serves as the proposed amended complaint, it still would be subject to dismissal, as it fails to comply with Federal Rules of Civil Procedure, as well as the court's Orders.  Doc. 21, 27.

Federal Rule of Civil Procedure 8(a)(2) provides that a Complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  As the district court discussed when granting Defendant's motion to dismiss, "[t]his obligation 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  Doc. 21 at 1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Additionally, Plaintiff has to state more than that the Defendant unlawfully harmed her.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citations omitted).  The district court instructed Plaintiff that she must state "what rights under the Constitution, laws, or treaties of the United States have been violated."  Doc. 21 at 3.  Furthermore, she must provide "'a short plain statement' of: (1) the grounds for the court's jurisdiction, (2) the claim showing that plaintiff is entitled to relief, and (3) a demand for the relief sought."  *Id.* (citing Fed. R. Civ. P. 8(a)).  Moreover, the district court provided explicit directives for Plaintiff to follow if she was to proceed with her claim alleging violation of Title VII of the Civil Rights Act of 1964.  Doc. 21 at 3.  The district court stated, "[P]laintiff must allege that she is a member of a protected class, the basis or type of

discrimination, and also allege that she has complied with the conditions precedent for filing this suit, including the receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC)."  Doc. 21 at 3-4 (citation omitted).

Here, Plaintiff neglects to allege any of the information required to maintain this suit.  Plaintiff failed to state a claim that is entitled to relief, and failed to make a demand for the specific relief sought.  She does not allege that she is a member of a protected class, the basis or type of discrimination, or that she has complied with all of the condition's precedent to filing suit.  Thus, Plaintiff has not supplied the information necessary to maintain this cause of action after having been granted multiple opportunities to amend.

The Eleventh Circuit states, "[u]nder Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders."  *Birdette v. Saxon Mortg*, 502 Fed. Appx. 839, 840 (11th Cir. 2012)(citation omitted).  The appellate court notes that a Plaintiff should at least be provided one opportunity to amend before the court dismisses a case with prejudice.  *Id.*  When there has been repeated failure to cure deficiencies in previously allowed amendments, however, the court need not allow additional amendments.  *Id.*  Due to the repeated failure to cure the deficiencies, Plaintiff's Motion for Leave to Amend should be denied.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

Plaintiff's Motion for Leave to Amend Complaint (Doc. 28) be **DENIED** and this case be **DISMISSED with prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of May, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record