UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTHER OKEKE,

      Plaintiff,

v.                        Case No: 2:14-cv-531-FtM-29CM

ALLIED   BARTON   SECURITY
SERVICES,

      Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on *pro se* plaintiff's "Plaintiff to Judge" notice construed as objections and/or a motion for reconsideration (Doc. #33) filed on July 7, 2015.

On May 26, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. #30) recommending that plaintiff' Motion for Leave to Amend Complaint (Doc. #28) be denied and the case dismissed with prejudice. The Magistrate Judge detailed how plaintiff was provided several opportunities to amend and to file a Complaint that complied with Federal Rules of Civil Procedure 8 and 10, and that she had failed to do so. No objections were filed, and on June 22, 2015, the Court issued an Opinion and Order (Doc. #31) adopting the Report and Recommendations and dismissing the case. Judgment (Doc. #32) was entered and the case is closed.

Plaintiff mailed the instant motion directly to Magistrate Judge Carol Mirando's Chambers, by United States mail, in violation of Local Rule 3.01(f). See M.D. Fla. R. 3.01(f) (". . . unless

invited or directed by the presiding judge, [applications for relief] shall not be addressed or presented to the Court in the form of a letter or the like"). In an abundance of caution, the Clerk was directed to file the submission to the extent it sought relief, or may present objections that were misdirected. The motion attaches two new Motions for Leave to Amend Complaint (Docs. ## 33-1, 33-2), a letter from the Equal Employment Opportunity Commission (EEOC) acknowledging plaintiff's charge of discrimination  and a corresponding Dismissal and Notice of Rights (Doc. #33-3), and plaintiff's notes and e-mails.

Whether construed as objections to the Report and Recommendation, or as a motion for reconsideration of the dismissal, plaintiff fails to articulate a basis to reopen the matter. If an objection to a Report and Recommendation is filed, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("that review is a *de novo* review of the record" (citations omitted)). A motion for reconsideration filed within 28 days of the entry of judgment, see Fed. R. Civ. P. 59(e), requires plaintiff to show: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice."

<u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).

In this case, plaintiff submitted two additional motions to amend with documents supporting exhaustion with the EEOC. Plaintiff did not, however, submit a proposed Amended Complaint for review.   Even if the motions to amend are construed collectively as a proposed Amended Complaint, the motions fail to comply with Federal Rules of Civil Procedure 8 and 10, fail to articulate a cause of action, and fail to allege subject-matter jurisdiction.   The motions do not present a clear federal question, and neither motion articulates a covered basis for a claim of discrimination, if that is the intent.   After a *de novo* review, and finding no clear error warranting reconsideration, the motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's "Plaintiff to Judge" notice construed as objections and/or a motion for reconsideration (Doc. #33) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   9th   day of July, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Plaintiff